1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) ) | No. CR 04-732(D)-RSWL |
|---|---|---|
| Plaintiff, | ) ) ) | <u>ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL UNDER FED. RULE CRIM. PRO. 29 OR IN THE ALTERNATIVE, FOR A NEW TRIAL</u> |
| v. | ) ) | |
| DENISE ANN FOWLER, | ) ) ) ) | |
| Defendant. | ) ) | |

On June 12, 2008, Defendant Denise A. Fowler's Motion for Judgment of Acquittal under Federal Rule of Civil Procedure 29, or in the Alternative, Motion for New Trial came on for regular calendar.  Plaintiff was represented by Assistant United States Attorney Elizabeth Yang, Defendant was represented by Jeff Price.  Having considered the moving papers, opposition and all arguments submitted for the Court's review, **THE COURT NOW FINDS AND RULES AS FOLLOWS**:

1    Defendant Fowler's Motion is **DENIED**. Ms. Fowler
2 was convicted by a unanimous jury panel after a six-day
3 jury trial, of conspiracy to commit bank robbery, armed
4 bank robbery and using, carrying and brandishing a
5 firearm during a crime of violence. Ms. Fowler argues
6 exclusively that the conviction under 18 U.S.C. §
7 924(c) was unsupported by the evidence.

9    Federal Rule of Criminal Procedure 29 provides in
10 relevant part that the Court "must enter a judgment of
11 acquittal of any offense for which the evidence is
12 insufficient to sustain a conviction." "A motion for
13 judgment of acquittal will be granted only if, viewing
14 the evidence in the light most favorable to the
15 government, no rational trier of fact could find beyond
16 a reasonable doubt that the defendant is the person who
17 committed the charged crime." United States v.
18 Alexander, 48 F.2d 1477, 1490 (9th Cir. 1995).

20    Federal Rule of Criminal Procedure 33 provides that
21 "[u]pon the defendant's motion, the court may vacate
22 any judgment and grant a new trial if the interest of
23 justice so requires."

25    Fowler maintains that the evidence presented at
26 trial was insufficient to support a conviction under
27 924(c). Fowler claims because she was not present at,

2

or in the vicinity of, the robbery on June 2, 2002, nor was she present at any of the planning meetings, create ample reasonable doubt. She supports this contention by arguing that the word "bank" does not appear in any of the conversations admitted at trial nor does the word "gun".

However, circumstantial evidence and inferences drawn from it are sufficient to sustain a conviction. <u>United States v. Reyes-Alvarado</u>, 963 F.2d 1184, 1187 (9th Cir. 1992). Further, the credibility of witnesses is a question for the jury. <u>United States v. Goode</u>, 814 F.2d 1353, 1355 (9th Cir. 1987)(explaining that when reviewing the sufficiency of evidence, the evidence must be viewed in the light most favorable to the government; and second, the reviewing court must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict.)

During the course of the trial there was ample evidence from which the jury could conclude that Ms. Fowler was a member of the conspiracy to commit bank

3

robbery.[1]  By way of example only, the government presented various phone conversations between Raymond Maxwell, the admitted leader of the robbery scheme, and Ms. Fowler eluding to the planning of the robbery.

In Pinkerton v. United States, 328 U.S. 640 (1946), the Supreme Court held that where there is a continuous conspiracy, as long as the overt act is reasonably foreseeable "as a necessary or natural consequence of the unlawful agreement" than all members of the conspiracy are liable for each of the consequences. Id. at 648.  This Court must assume that the jury in convicting Ms. Fowler of conspiracy to commit bank robbery, inferred that the use of a firearm was a necessary or natural consequence of the unlawful agreement.

In a similar case the Court determined that presentation evidence of participation in the planning of robbery was sufficient to uphold a conviction under 924(c).  United States v. James, 172 Fed. Appx. 144, 146 (9th Cir. Cal. 2006).

In the instant matter, it was reasonable for the jury to conclude that Fowler was a member of the

---

[1] Indeed, Ms. Fowler does not argue that she was not a member of the conspiracy.

4

conspiracy, indeed Fowler appears to concede that count, assisted in the planning of the robbery and was therefore aware that a firearm was a likely consequence of the robbery.  Therefore, Fowler's Motion for Acquittal should be **DENIED**.

Similarly, Fowler is not entitled to a new trial Fowler was unable to demonstrate that justice demands such a result.

**IT IS SO ORDERED**.

<pre>
                        /s/
            HON. RONALD S.W. LEW
            Senior U.S. District Court Judge
</pre>

DATED: June 23, 2008